# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Patricia McConnell, Respondent,

v.

Timothy McConnell, Appellant.

Appellate Case No. 2024-000297

―――――――――

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

―――――――――

Opinion No. 6159
Heard November 12, 2025 – Filed August 12, 2026

―――――――――

## APPEAL DISMISSED

―――――――――

Marcus Angelo Manos and Victoria L. Eslinger, both of
Maynard Nexsen, PC, of Columbia, for Appellant.

Ashby Lawton Jones, of Ashby Jones and Associates,
LLC, and Rebecca West, both of Lexington, for
Respondent.

―――――――――

**MCDONALD, J.:** This is an appeal from a family court order denying Timothy
McConnell's (Husband) request for discovery and requiring him to pay Patricia
McConnell's (Wife) attorney's fees. Husband argues the family court erred in
finding parties may not conduct discovery in a contempt action brought pursuant to
Rule 14 of the South Carolina Rules of Family Court. We dismiss for lack of
appellate jurisdiction.

**Facts and Procedural History**

In 2020, the family court issued a final order granting Wife a divorce and approving the parties' marital settlement agreement. The accompanying Form 4F Order indicates this was a final order ending the case.

Husband later filed a contempt action alleging Wife violated the marital settlement agreement incorporated in the family court's final order. Under the marital settlement agreement, Husband transferred a 40% ownership share and all assets and debts of Home Elder Care d/b/a Comfort Keepers to Wife. In his verified petition for contempt, Husband raised a number of financial issues, including: Wife's wrongful charging of Comfort Keepers income distributions to Husband for tax-shifting purposes; Wife's continued use of the American Express card in Husband's name to pay Comfort Keepers expenses; and Wife's failure to pay the balance on this American Express card. The petition further claimed Wife "falsely charged" Husband with receipt of $107,886.48 and "caused a false tax document to issue to" him.

Husband served Wife with interrogatories and requests for production. When Wife failed to respond, Husband moved to compel the discovery responses. Wife filed a return and moved to quash the discovery requests.

At the hearing on these motions, the family court ruled from the bench that it would not allow discovery because such was categorically unavailable in a contempt action under Rule 14, SCRFC. The family court's subsequent written order denied Husband's request for discovery and required him to pay Wife $1,500 in attorney's fees. Husband timely appealed.

**Analysis**

Husband argues the family court erred in finding parties may not conduct discovery in a Rule 14 contempt action brought to compel compliance with a final order. He contends Rule 14 does not preclude discovery and Rule 25, SCRFC, provides for discovery in all domestic relations cases.[1]

---

[1] Rule 25 encourages "the prompt voluntary exchange of information and documents by parties prior to trial" and further states that "the parties shall be allowed to engage in formal depositions and discovery according to the South Carolina Rules of Civil Procedure."

Husband provided supporting exhibits with his discovery requests and argues this discovery is critical.  He further demonstrates such discovery is necessary due to the nature and complexity of issues related to payments of business profits, distributions credited to a party who did not receive them, and taxation.

Although we recognize the merits of Husband's arguments, we must dismiss this appeal because discovery orders are not immediately appealable under section 14-3-330 of the South Carolina Code (Supp. 2025).  *See, e.g., Ex parte Whetstone*, 289 S.C. 580, 580, 347 S.E.2d 881, 881 (1986) ("An order directing a party to participate in discovery is interlocutory and not directly appealable under [the prior jurisdictional statute]."); *Stokes v. Oconee County*, 441 S.C. 566, 588, 895 S.E.2d 689, 700-01 (Ct. App. 2023) (declining to address quashing of a subpoena because the discovery issue was "not presently subject to appellate review" (quoting *Brown v. County of Berkeley*, 366 S.C. 354, 362, 622 S.E.2d 533, 538 (2005)).

As family court litigation in South Carolina continues to become more complex, the need for limited discovery in certain post-merits hearing contexts is apparent.  We are concerned that the availability of such discovery appears to depend on the county in which the domestic litigation is brought.  Although we are constrained by precedent to dismiss this appeal, we urge the family court bench and bar to address this apparent inconsistency among county jurisdictions and judicial circuits.

**Conclusion**

For the foregoing reasons, Husband's appeal is

**DISMISSED.**

**HEWITT and TURNER, JJ., concur.  HEWITT, J., concurring in a separate opinion in which MCDONALD and TURNER, JJ., join.**

**HEWITT, J., concurring:** I fully join the panel's opinion.  The two orders before us are interlocutory discovery orders: one denying a motion to compel and the other granting a motion to quash.  An appeal of these orders can proceed after the family court decides the underlying rule to show cause.  After the rule is decided, we may again face the argument that discovery should have been allowed.

As the panel opinion notes, the merits of this discovery question need to be answered. It may be that equity allows a court to order discovery if it believes discovery is necessary when deciding a controversy, even if the relevant rules do not expressly allow discovery in a particular context. *See Wofford v. Ethyl Corp.*, 316 S.C. 75, 78, 447 S.E.2d 187, 189 (1994); *see also SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, 630 F. Supp. 3d 718, 731 (M.D.N.C. 2022). The argument goes, at least in part, that although justice is blind, unusual procedures are sometimes needed to ensure the litigants and the courts will not be.

We have been told that similar cases in different parts of the state are being treated differently. I share my colleagues' discomfort with that situation. Though we have not answered the key question here, I hope we have perhaps moved things closer towards getting an answer.